[Cite as *State v. Cimpaye*, 2020-Ohio-2740.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28304 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-4581 |
| | : | |
| JOSEPHINE CIMPAYE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of May, 2020.

. . . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957 and HOPE L. SMALLS, Atty. Reg. No. 0091610, City of Dayton Assistant Prosecuting Attorneys, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellant

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant State of Ohio appeals an order of the Dayton Municipal Court, which granted the motion to dismiss filed by defendant-appellee Josephine Cimpaye. The State filed a timely notice of appeal with this Court on February 20, 2019.

{¶ 2} The record establishes that on July 28, 2018, Cimpaye was arrested for domestic violence and transported to the Montgomery County Jail. On July 29, 2018, the State filed complaints against Cimpaye charging her with two counts of domestic violence, in violation of R.C. 2919.25(A), and two counts of assault, in violation of R.C. 2903.13(A). All four counts were misdemeanors of the first degree. At Cimpaye's arraignment on July 30, 2018, the trial court became aware that she required a Swahili interpreter, but one was not available at that time.[1] Accordingly, the trial court entered a plea of not guilty on Cimpaye's behalf and scheduled a pretrial hearing on August 20, 2018.

{¶ 3} On July 31, 2018, an employee at the Montgomery County Jail contacted the trial court and indicated that an interpreter had visited Cimpaye at the jail. After speaking with Cimpaye, the interpreter reported to jail staff that she was exhibiting troublesome mental health issues such as talking to someone who was not there. Cimpaye also told the interpreter that the walls were speaking to her. A jail employee informed the trial court that, pursuant to its authority under R.C. Chap. 5122, the Montgomery County Sheriff's Department was civilly committing Cimpaye on an emergency basis to the Miami Valley Hospital for a 48-hour hold. After further communications on the same day (July

---

[1] An entry filed on July 30, 2018, indicates that Cimpaye was granted a conditional own recognizance bond.

31) between the trial court, the jail, the prosecutor, and defense counsel, it was determined that Cimpaye's mental condition had deteriorated to the point that she needed to be taken to a different mental health facility for psychiatric care. Notably, the trial court record and the stipulations at the motion to dismiss hearing do not reveal if Cimpaye was hospitalized between July 31 and August 10, 2018, and returned to jail after any emergency hold.

{¶ 4} On August 10, 2018, the Montgomery County Sheriff's Department transported Cimpaye to Northcoast Behavioral Health ("Northcoast") for emergency treatment pursuant to R.C. Chap. 5122.[2] On August 14, 2018, a motion was filed pursuant to R.C. Chap. 5122 in a local probate court to civilly commit Cimpaye for an extended period.[3] The probate court granted the commitment order, and Cimpaye was involuntarily committed to Northcoast for a period of not less than 90 days and no longer than two years.

{¶ 5} At the scheduled pretrial hearing on August 20, 2018, the trial court notified the State and defense counsel that Cimpaye was receiving treatment at Northcoast. The trial court further stated that it was tolling speedy trial time as of the date of the pretrial hearing until Cimpaye's condition could be assessed by mental health professionals and communicated back to the trial court. Tr. 10-11, 44-45. On August 30, 2018, the trial

---

[2] The stipulation at the motion to dismiss hearing referred to this as a 72-hour emergency hold.

[3] The record is unclear regarding which probate court issued the civil commitment orders, but the trial court opined that it was likely the Summit County Probate Court, where Northcoast is located, and neither the State nor Cimpaye asserted otherwise.

court issued an entry ordering a competency and sanity evaluation of Cimpaye.[4] Although the order was faxed to Northcoast, a representative from the facility later represented that Northcoast had no knowledge of the order. Tr. 46.

{¶ 6} The agreed to a timeline of events as set forth by the court at the motion to dismiss hearing. This timeline established that on November 15, 2018, Cimpaye voluntarily committed herself for additional treatment at Northcoast as the civil commitment laws require a reevaluation after 90 days. Cimpaye remained at Northcoast as a voluntary patient until she was discharged on January 15, 2019, at which point she was transported back to the Montgomery County Jail.

{¶ 7} On January 16, 2019, Cimpaye appeared before the trial court represented by counsel but without an interpreter. At that time, Cimpaye's counsel indicated that she intended to file a motion to dismiss Cimpaye's case on speedy trial grounds. The trial court then scheduled a motion to dismiss hearing to be held on January 22, 2019, and set bond at $10,000 cash/surety. Cimpaye's counsel filed a motion to dismiss the next day, January 17, 2019, in which she argued that Cimpaye's speedy trial time had expired pursuant to R.C. 2945.38(C)(3).

{¶ 8} On January 22, 2019, the trial court held a hearing on Cimpaye's motion to dismiss. At the hearing, Cimpaye argued that her speedy trial time had expired pursuant to R.C. 2945.38(C)(3) and R.C. 2945.73(C). Cimpaye contended that she had been held in custody for 179 days and that the time she was in treatment at Northcoast should be counted as jail time pursuant to R.C. 2945.73(C).

---

[4] Notably, a written not guilty by reason of insanity plea had not been filed. We question the trial court's authority to order such an evaluation sua sponte, but note that the issue has not been raised.

{¶ 9} Ruling from the bench, the trial court found that Cimpaye had been held in custody for 179 days, from July 28, 2018, until January 22, 2019. The trial court also found that tolling the time Cimpaye spent at Northcoast was "unreasonable and unjustified" due to the "length of the delay." Tr. 53. The trial court concluded the tolling had to be a "date certain." Tr. 55. The trial court further found that while Cimpaye was at Northcoast, both involuntarily and voluntarily, she was under a "police hold," and therefore charged all of that time against the State. The trial court calculated a total of 124 days chargeable to the State, which exceeded the 90 days permitted pursuant to R.C. 2945.71, absent a tolling event. Accordingly, the trial court held that Cimpaye's right to a speedy trial had been violated and granted her motion to dismiss.

{¶ 10} It is from this judgment that the State now appeals.

{¶ 11} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT DISMISSED THE STATE'S CASE

ON SPEEDY TRIAL GROUNDS.

{¶ 12} The State contends that the trial court erred when it granted Cimpaye's motion to dismiss on speedy trial grounds. We review a trial court's decision on a defendant's motion to dismiss based on speedy-trial grounds for abuse of discretion. *See State v. Cassell*, 2d Dist. Clark No. 09CA0064, 2011-Ohio-23, ¶ 12 ("The trial court's decision overruling Defendant's motion to dismiss based upon constitutional speedy trial grounds is reviewed under an abuse of discretion standard.").

{¶ 13} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional

protection of the right to a speedy trial" provided in the United States and Ohio Constitutions. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). As such, that statute must be strictly construed against the State. *Id.*

{¶ 14} The time limits for bringing a defendant to trial are found in R.C. 2945.71 to 2945.73. "Speedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 7.

{¶ 15} Pursuant to R.C. 2945.71(B)(2), a person against whom a first-degree-misdemeanor charge is pending must be brought to trial within 90 days of arrest. A defendant establishes a prima facie case for discharge once he or she demonstrates that he or she has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). When a defendant has established he or she was tried outside speedy-trial time limits, the burden shifts to the state to show that the time limit was extended under R.C. 2945.72. *Id.* at ¶ 31.

{¶ 16} Although the time limits contained in R.C. 2945.71 must be strictly enforced, R.C. 2945.72 provides a number of events and circumstances that will toll the running of a defendant's speedy-trial time. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 24. Pursuant to R.C. 2945.72, the time within which an accused must be brought to trial may be extended for those reasons specifically enumerated in the statute. One such reason for an extension is where the competency of the accused is being challenged. In particular, R.C. 2945.72(B) provides that the time may be extended for "[a]ny period during which the accused is mentally incompetent to stand trial *or during*

*which his mental competence to stand trial is being determined * * *.*" (Emphasis added.)

**{¶ 17}** In the instant case, Cimpaye was arrested on July 28, 2018. When computing speedy trial time, the day of arrest is not counted. *State v. Cline*, 2d Dist. Champaign No. 2002-CA-05, 2003-Ohio-4712, ¶ 27, *rev'd on other grounds*, 103 Ohio St.3d 471, 816 N.E.2d 1069, 2004-Ohio-5701 (2004). Therefore, the time for bringing Cimpaye to trial began running on July 29, 2018, the day after her arrest. *Id.*

**{¶ 18}** As previously stated, Cimpaye was transported on August 10, 2018, by the Montgomery County Sheriff's Department to Northcoast for emergency treatment pursuant to R.C. 5122.[5] Thus, the State urges us to use August 10, 2018, as the date that Cimpaye's speedy trial time was tolled. Not counting the first day of Cimpaye's incarceration, the period between July 29, 2018, and August 10, 2018, amounts to 13 days in jail. Pursuant to R.C. 2945.71(E), that amount is tripled for a total of 39 days chargeable to the State. The State acknowledges that there is no case law which expressly states that speedy trial time is tolled under R.C. 2945.72 when a defendant is civilly committed pursuant to R.C. 5122, rather than ordered to be evaluated for competency to stand trial pursuant to R.C. 2945.37.

**{¶ 19}** In support of its argument for reversal, the State cites *State v. Buhr*, 1st Dist. Hamilton No. C-780337, 1979 WL 208730 (Mar. 14, 1979), wherein the defendant was civilly committed while charges were pending against him. *Id.* at *1. Prior to being bound over, however, he was transported to a state hospital for emergency treatment due to psychiatric issues. *Id.* On appeal, the issue decided by the court was whether the

---

[5] Neither the record nor the stipulations of facts definitively establishes if any hospitalization actually occurred between July 31, 2018, and August 9, 2018.

defendant should have received a hearing and legal representation prior to being committed. The *Buhr* court stated that "the commitment * * * made pursuant to a psychiatric clinic report that [the defendant] was a danger to himself and needed immediate hospitalization * * * should not be charged against the state." *Id.* at *2.

{¶ 20} The State also cites *State v. Claprood*, 5th Dist. Licking No. 94 CA 34, 1995 WL 495258 (May 10, 1995), wherein the defendant attempted to hang himself in jail after being arrested for abduction. *Id.* at *1. Accordingly, the defendant was committed to a psychiatric hospital by a probate court. *Id.* On appeal for speedy trial issues, the *Claprood* court stated that the time spent in the psychiatric hospital as a result of his suicide attempt would not be charged against the State for speedy trial purposes. *Id.* at *5. The State argues that based upon the language from the *Buhr* and *Claprood* opinions, it is "implied that the time was tolled during the period" in which Cimpaye was civilly committed for psychiatric issues by the Montgomery County Sheriff's Department.

{¶ 21} However, as noted by the State in its brief, "a comparison of R.C. 5122 and R.C. 2945 reveals that they are distinct in nature, scope and in the goals they serve. Civil commitment proceedings under R.C. 5122 seek to treat certain categories of mentally ill people. R.C. 2945, in contrast, sets forth the necessary framework for ascertaining the competency of a defendant charged in a criminal case." *State v. Stafford*, 7th Dist. Noble No. 265, 2002-Ohio-5243, ¶ 34. Additionally, as we previously stated, Ohio's speedy trial statute, R.C. 2945.71, must be strictly construed against the State. *Brecksville,* 75 Ohio St.3d at 55, 661 N.E.2d 706. For those reasons, we disagree with the State and find that the nine days between August 10 and August 19, 2018, during which Cimpaye had been civilly committed to Northcoast, were chargeable to the State for speedy trial

purposes.

{¶ 22} As previously stated, however, on August 20, 2018, the trial court held a hearing wherein it notified the State and defense counsel that Cimpaye was receiving treatment at Northcoast. The trial court further stated that it was tolling speedy trial time beginning on August 20, 2018, until Cimpaye's condition could be assessed by mental health professionals and related back to the trial court. Tr. 10-11, 44-45. Significantly, defense counsel did not object to the decision of the trial court to toll speedy trial time as of the date of the August 20, 2018 hearing. Accordingly, we find the trial court's decision to toll Cimpaye's speedy trial time beginning on August 20, 2018, was reasonable and justified under the unique circumstances presented in the instant case, as Cimpaye became unavailable due to her deteriorating mental state, was hospitalized out of county, and, as noted, defense counsel did not register any objection, either orally or in writing, to the trial court's reasonable decision to toll Cimpaye's speedy trial rights.

{¶ 23} R.C. 2945.37 sets forth the procedures a trial court must adhere to when the issue of a defendant's competency to stand trial is raised. R.C. 2945.37(C) states in pertinent part:

> The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, *unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation* * * *.

(Emphasis added).

{¶ 24} Additionally, we find that Cimpaye's reliance on R.C. 2945.38(C)(3) as a

basis for dismissal of her case was wholly misplaced. R.C. 2945.38(C)(3) states as follows:

No defendant shall be required to undergo treatment, including any continuing evaluation and treatment, under division (B)(1) of this section for longer than whichever of the following periods is applicable:

* * *

(3) Sixty days, if the most serious offense with which the defendant is charged is a misdemeanor of the first or second degree[.]

{¶ 25} Only after the hearing before the trial court regarding the defendant's competency would the procedures established in R.C. 2945.38 apply. R.C. 2945.37(G) provides:

If, *after a hearing*, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order *authorized by section 2945.38 of the Revised Code.*)

(Emphasis added).

{¶ 26} As previously stated, the trial court ordered Cimpaye to submit to the competency evaluation at Northcoast in an entry filed on August 30, 2018. However, no evaluation report was submitted to the trial court prior to the motion to dismiss hearing held on January 22, 2019. Because it had yet to receive the competency evaluation from Northcoast, the trial court was unable to hold a competency hearing pursuant to R.C.

2945.38(C), which would have, in turn, allowed it to render a determination regarding Cimpaye's competency to stand trial. Accordingly, the time constraints set forth in R.C. 2945.38(C)(3) upon a finding of incompetency are not applicable to the instant case.

{¶ 27} We further conclude that it was error for the trial court to hold that all of the days that Cimpaye remained hospitalized at Northcoast were chargeable to the State for speedy trial purposes. As previously stated, Northcoast failed to perform a competency evaluation of Cimpaye pursuant to court order while she was hospitalized at the facility in the time frame set forth in the order and by statute. Nevertheless, the Ohio Supreme Court has addressed the issue of whether the tolling period ends when an examiner who is ordered to file a competency report fails to do so within the prescribed statutory time frame of R.C. 2945.371(G) (formerly R.C. 2945.371(D)). *State v. Palmer*, 84 Ohio St.3d 103, 106, 702 N.E.2d 72 (1998). R.C. 2945.371(G) provides that where a trial court orders a competency examination, the examiner's report shall be filed with the court within thirty days after entry of an order for examination. Pursuant to R.C. 2945.37(A), a hearing must then be held within ten days after the filing of the report (which is forty days from when the court orders the evaluation). Here, Northcoast never performed a competency evaluation, although the record reflects that the trial court's order was submitted to Northcoast.

{¶ 28} R.C. 2945.72(B) clearly provides that the speedy trial time is extended by "any period" during which the accused's competency is being determined. *Palmer* at 106. The statutory extension in R.C. 2945.72(B) is not limited to a specific time period. *Id.* Nowhere in R.C. 2945.72 or former R.C. 2945.371 does it state that if a report is not filed when due, the tolling period ends and time begins to run again for speedy trial purposes.

*Id.* Therefore, the tolling effect of R.C. 2945.72(B) cannot be cut short by an examiner's failure to file a competency report within the prescribed time frame. The tolling provision of R.C. 2945.72(B) does not end when a competency examiner fails to issue a report within the time limits imposed by R.C. 2945.371(G). Although no report was prepared by September 30, 2018, this was not fatal to the prosecution, as a "date certain" is not mandatory; an involuntary civil commitment was in play, Cimpaye elected continued treatment over a return to jail, and she had not asserted her speedy trial rights. Therefore, the 60-day delay from November 15, 2018, to January 15, 2019, cannot be deemed unjustified or unreasonable.

{¶ 29} Notably, as soon as Cimpaye was discharged from Northcoast and returned to the Montgomery County Jail on January 15, 2019, defense counsel filed a motion to dismiss on speedy trial grounds on January 17, 2019. The trial court, however, never made a competency determination regarding Cimpaye, and therefore, the tolling of R.C. 2945.72(B) never ceased once Cimpaye was returned to jail from Northcoast. [6] Accordingly, the trial court erred when it found that the days between January 15, 2019, and January 22, 2019, to be chargeable to the State for speedy trial purposes.

{¶ 30} As pertinent to this appeal, R.C. 2945.73(C)(1) states as follows:

Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting

---

[6] Although not specifically required by statute, we find that the better practice in a situation where the trial court has ordered a civilly committed defendant to undergo a competency evaluation would be for the trial court to make periodic inquiries and set status report dates regarding the progress made by the mental health facility tasked with performing the evaluation so that it is resolved in a timely and efficient manner.

trial on the pending charge:

(1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged[.]

{¶ 31} Here, the trial court incorrectly found that Cimpaye was in custody for 179 days from July 28, 2018, through January 15, 2019. Nevertheless, by the trial court's own calculation of 179 days, the time limit set forth in R.C. 2945.73(C)(1) had not been reached because Cimpaye was charged with four first degree misdemeanors, each carrying a maximum penalty of 180 days in jail. Therefore, the maximum term of imprisonment that Cimpaye could have been ordered to serve was 180 days, which had not been exceeded. Thus, R.C. 2945.73(C)(1) was inapplicable.

{¶ 32} In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court established a balancing test for determining whether a defendant's constitutional right to a speedy trial has been violated. The four factors are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* at 530. "[T]hese four factors are balanced considering the totality of the circumstances, with no one factor controlling." *State v. Perkins*, 2d Dist. Clark No. 08-CA-0081, 2009-Ohio-3033, ¶ 8.

{¶ 33} In our view, Cimpaye's argument that she was prejudiced by the delay while she was in treatment at Northcoast is undermined by the fact that she *voluntarily* elected to remain at the mental health facility on November 15, 2018. Thus, a significant portion of the delay in the instant case, from November 15, 2018, to January 15, 2019, was solely attributable to Cimpaye, who voluntarily chose to remain in treatment at Northcoast when she could have elected to return to Montgomery County and face the charges for which

she was being accused. "We by no means advocate the failure of an examiner to timely file a report. However, if a defendant is dissatisfied with the slow response time, he or she can petition the court to enforce its order or request a hearing." *State v. Palmer*, 84 Ohio St.3d 103, 702 N.E.2d 72 (1998), fn.1.

{¶ 34} We note that the record does not contain an entry appointing counsel for Cimpaye at arraignment. However, we note that on August 15, 2018, Attorney Navay Vaughn from the Montgomery County Public Defender's Office filed a "NOTICE OF ATTORNEY" in the instant case. Furthermore, to the extent Cimpaye argues that she was not represented by counsel, the record establishes that she was in fact represented by counsel from the public defender's office at every stage of the case: 1) July 30, 2018, Arraignment, Attorney Chuck Grove, Tr. 3; 2) July 31, 2018, Phone Conference, Attorney Rusch, Tr. 9; 3) August 20, 2018, Attorney Navay Vaughn, Tr. 8; 4) January 16, 2019, Attorney Michael Walczak, Tr. 14; 5) January 17, 2019, Attorney Navay Vaughn, Tr. 21; 6) January 22, 2019, Attorney Hope Smalls, Tr. 38.

{¶ 35} Lastly, in support of her argument that her speedy trial time was not tolled while she was in treatment at Northcoast, Cimpaye cites *State v. Johnson*, 8th Dist. Cuyahoga App. Nos. 78097-78099, 2001 WL 233401 (Mar. 8, 2001), which analyzed *Palmer* and tolling for a competency determination under R.C. 2945.72(B). The *Johnson* court determined that such a "tolling only occurs if competency is being determined." *Id.* at *3. The *Johnson* court's determination was based on the fact that, while the accused was referred for an evaluation, the accused was never actually transported from the jail to the evaluation facility. In the present case, unlike *Johnson*, Cimpaye was transported to Northcoast, and was subject to evaluation for her competency to stand trial. *Johnson*

is therefore distinguishable from the instant case.

{¶ 36} In conclusion, from July 29, 2018, (the day after Cimpaye's arrest) to August 19, 2018, the 22 days she spent in jail were chargeable against the State. Counting each of those days as three days pursuant to R.C. 2945.71(E) amounts to 66 days in jail for speedy trial purposes. Furthermore, because the trial court had yet to receive a competency report, make a finding of competency upon stipulation or otherwise, and/or conduct a competency hearing, the tolling of R.C. 2945.72(B) never ceased once Cimpaye returned to jail from Northcoast, and none of the days she spent in jail from January 15, 2019, through January 22, 2019, were chargeable to the State.[7] Therefore, the total number of days attributable to the State for speedy trial purposes was only 66 days. Because fewer than 90 days had passed, we find that Cimpaye's statutory speedy trial rights were not violated, nor was any delay unreasonable or unjustified in derogation of her speedy trial rights under the Ohio and U.S. Constitutions. Thus, the trial court erred when it granted Cimpaye's motion to dismiss on speedy trial grounds.

{¶ 37} The State's assignment of error is sustained.

{¶ 38} The State's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, J., concurs.

---

[7] We note that the motion to dismiss filed by Cimpaye on January 17, 2019, tolled speedy trial time pursuant to R.C. 2945.72(E) while the motion was pending. *State v. Bickerstaff*, 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984) (holding that "a motion to dismiss acts to toll the time in which a defendant must be brought to trial. * * * Therefore, the time that elapsed while the motions were pending is not included for purposes of R.C. 2945.71.")

HALL, J., concurring:

{¶ 39} I agree with my colleagues that when the trial court ordered tolling of speedy trial time on August 20, 2018 because Cimpaye's mental health condition was being assessed as an inpatient at Northcoast, that stopped the speedy trial clock. That event was followed by the trial court's August 30, 2018 order of competency and sanity evaluations for Cimpaye which, for whatever reasons, were never completed before she appeared in court for a hearing on her motion to dismiss on January 22, 2019. Accordingly, all that time is not chargeable against the State because R.C. 2945.72(B) extends speedy trial time for any period during which competency is being determined. That being so, speedy trial time had not expired when the trial court dismissed the case on January 22, 2019, and that conclusion alone is sufficient for the reversal of the speedy trial dismissal entered in the trial court.

{¶ 40} I write separately though to express my opinion, contrary to that stated in the majority opinion paragraph 21, that speedy trial time was also tolled on or before August 10, 2018, when Cimpaye was civilly committed under R.C. 5122.10 et seq. to the custody of Northcoast, because, as the statute requires, she was a danger "to self or others if allowed to remain at liberty." I fail to see how a trial court can be expected to proceed in light of such an involuntary civil commitment to a mental health facility half-way across the state. Nonetheless, because this case can be decided by reference to the issue of competency and the procedures required under R.C. 2945.37, it is not necessary for us to decide whether civil commitment under R.C. 5122.10 was also a tolling event for speedy trial purposes.

Copies sent to:

Troy B. Daniels
Hope L. Smalls
Carlo C. McGinnis
Hon. Deirdre E. Logan