[Cite as *State v. Garner*, 2023-Ohio-1685.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 21CR455 |
| | : | |
| TODD GARNER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on May 19, 2023

· · · · · · · · · · ·

PAUL M. WATKINS, Attorney for Appellee

ADAM J. ARNOLD, Attorney for Appellant

· · · · · · · · · · · ·

EPLEY, J.

{¶ 1} Todd Garner was convicted in the Miami County Court of Common Pleas of failure to comply with an order or signal of police officer, a felony of the third degree. Garner appeals from his conviction, claiming that (1) the trial court committed plain error in failing to dismiss the indictment on speedy trial grounds, (2) his trial counsel rendered ineffective assistance by failing to file motions to dismiss due to a speedy trial violation

and to suppress, and (3) his conviction was against the manifest weight of the evidence. Because we conclude that Garner's trial counsel rendered ineffective assistance by failing to file a motion to dismiss on speedy trial grounds, the trial court's judgment will be vacated.

## I. Facts and Procedural History

{¶ 2} On September 10, 2021, Piqua Police Officer Devon Alexander observed a silver Mazda drive past him, and the officer found the driver's eye contact with him to be suspicious. The officer followed the Mazda and then attempted to initiate a traffic stop after learning that the car had been reported stolen and observing the vehicle turn left from the wrong lane against a red light. A high-speed chase ensued during which the Mazda ran an additional red light and five stop signs, many on residential streets. The pursuit was called off prior to the driver's apprehension.

{¶ 3} The police soon learned that several individuals were let out of the Mazda in the middle of the chase, and officers located them shortly thereafter. Marcia Betts, a passenger in the Mazda, told the police that the driver's name was "Garner." After learning the driver's name, Officer Alexander looked up Garner's driver's license and confirmed that Garner was the driver he had seen.

{¶ 4} On September 26, 2021, Garner was arrested on charges related to the incident. Almost eight weeks later, he was indicted for failure to comply with an order or signal of police officer. No pretrial motions or a written waiver of his speedy trial rights were filed.

{¶ 5} On January 4, 2022, the matter proceeded to a jury trial. Officer Alexander

and Betts testified for the State, and the State offered five exhibits for consideration. Garner did not present any evidence in his defense. The jury found Garner guilty and, after a presentence investigation, the trial court sentenced him to 30 months in prison (with 110 days of jail time credit), suspended his driver's license for life, and ordered him to pay costs of $1,400.50.

{¶ 6} Garner appealed from his conviction. His original appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no non-frivolous issues for appeal and seeking leave to withdraw. Upon our initial review, we identified two non-frivolous issues for appeal. Accordingly, we rejected the *Anders* brief and appointed new counsel for Garner.

{¶ 7} Garner now raises three assignments of error. In his first assignment of error, he claims that the trial court committed plain error by failing to dismiss the indictment on speedy trial grounds. Garner's second assignment of error claims that his trial counsel rendered ineffective assistance by failing to file a motion to dismiss due to a speedy trial violation and a motion to suppress the officer's identification. Finally, Garner raises that his conviction was against the manifest weight of the evidence.

## II. Statutory Right to a Speedy Trial

{¶ 8} In his first assignment of error, Garner claims that the trial court should have dismissed his case due to a violation of his speedy trial rights. A portion of his second assignment of error raises that his trial counsel was ineffective for failing to file a motion to dismiss due to the speedy trial violation. We will address these issues together.

{¶ 9} Initially, we note that Garner did not file a motion to dismiss on speedy trial

grounds. R.C. 2945.73(B) states that, *"[u]pon motion made at or prior to the commencement of trial*, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." (Emphasis added.) We have held that a defendant's failure to raise a speedy trial violation in the trial court at or prior to trial precludes the defendant from raising that issue on appeal. *State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744, ¶ 28, citing *State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962, ¶ 22. *See also Bradford v. Werts*, 2d Dist. Miami No. 2009-CA-29, 2010-Ohio-3921, ¶ 11 ("Speedy trial rights must be asserted by a defendant in a timely fashion or they are waived.").

{¶ 10} Garner did not file a written motion to dismiss on speedy trial grounds, and he did not otherwise raise the issue prior to the commencement of trial on January 4, 2022. Consequently, he is precluded from challenging the trial court's failure to dismiss the indictment due to an alleged speedy trial violation. Garner's first assignment of error is overruled.

{¶ 11} Garner further claims that his trial counsel should have filed a motion to dismiss on speedy trial grounds. To establish ineffective assistance of counsel, a defendant must demonstrate both that (1) trial counsel's conduct was deficient, and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Lloyd*, Ohio Slip Opinion No. 2022-Ohio-4259, __ N.E.3d __, ¶ 15.

{¶ 12} Trial counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland* at 687; *Lloyd* at ¶ 16. This first prong "requires showing

that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687; *State v. Dennis*, 2d Dist. Montgomery No. 29266, 2022-Ohio-2888, ¶ 37. Hindsight is not permitted to distort the assessment of what was reasonable considering counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.). Trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689.

{¶ 13} The second prong requires a showing that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *Id.* at 694; *Lloyd* at ¶ 18. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 14} R.C. 2945.71 designates specific time requirements for the government to bring an accused to trial. Under that statute, a felony defendant must be brought to trial within 270 days of arrest. R.C. 2945.71(C). Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). The day of arrest is not counted when calculating an accused's speedy trial time. *State v. Cimpaye*, 2020-Ohio-2740, 154 N.E.3d 415, ¶ 17 (2d Dist.).

{¶ 15} A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Harris*, 2d Dist. Montgomery No. 29379, 2023-

Ohio-648, ¶ 13, citing *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007-Ohio-4549, ¶ 15. "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged." *Gray* at ¶ 15, citing R.C. 2945.73.

{¶ 16} R.C. 2945.72 sets forth several circumstances under which a defendant's speedy trial time may be extended. *See State v. Dankworth*, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 40 (2d Dist.). For instance, time may be tolled for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).

{¶ 17} The record reflects that Garner was arrested on September 26, 2021, and was held in jail on misdemeanor charges related to the incident. Ultimately, he was indicted for failure to comply on November 18, 2021. The State concedes that the misdemeanor and felony cases all arise from the same criminal incident and share a common litigation history, and that Garner's speedy trial time therefore began on September 27, 2021. The parties also agree that Garner was incarcerated on the pending charges until his trial, and that the triple-count provision applied for his entire pretrial incarceration. Accordingly, the State had 90 calendar days in which to bring Garner to trial. Without tolling, that 90-day period expired on December 25, 2021. Garner was tried on January 4, 2022.

{¶ 18} Citing *State v. Cruea*, 2d Dist. Miami No. 2004-CA-38, 2005-Ohio-4731, the State asserts that a seven-day period – from November 23 to November 29, 2021 – was

tolled due to Garner's oral request for a pretrial conference, which was made at his arraignment. We agree that the oral request for a pretrial conference constituted a tolling event.

{¶ 19} In *Cruea*, the trial court tolled the time from the defendant's arraignment until the pretrial conference, a period of two weeks. On appeal, we upheld the trial court's determination. We stated: "While requests for pretrial conferences do not automatically extend the statutory time requirements in R.C. 2945.71, the time between a request and pretrial conference will be tolled where the record shows that the pretrial was granted at the defendant's own request and there is nothing facially unreasonable about the time taken to provide the pretrial." *Id*. at ¶ 10. Because Cruea's defense counsel had requested the pretrial conference at the arraignment and the two-week delay was "not facially unreasonable," we concluded that the delay was properly charged to Cruea, not the State. *Id*. at ¶ 12.

{¶ 20} The same is true here. As in *Cruea*, Garner's defense counsel requested a pretrial conference at the arraignment on November 22, 2021, and a pretrial conference was held on November 29, 2021, seven days later. The delay was not unreasonable. Accordingly, Garner's speedy trial time was tolled for the period between his arraignment and the pretrial conference. As a result, Garner's speedy trial deadline was extended to Saturday, January 1, 2022.

{¶ 21} As noted by the State, Garner's speedy trial deadline was further extended by Crim.R. 45(A), which provides:

In computing any period of time prescribed or allowed by these rules, by the

local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday.* When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

(Emphasis added.) Because Garner's speedy trial time expired on a Saturday, Crim.R. 45(A) operated to extend the deadline to the next non-weekend or non-holiday day. In Garner's case, that day was Monday, January 3, 2022.

{¶ 22} The State contends that Monday, January 3, 2022, was a legal holiday, the observation of New Year's Day. However, when a legal holiday falls on a Saturday (as New Year's Day did in 2022), the holiday generally is observed on the preceding Friday. For example, the statute governing holiday pay for county employees provides: "If any of those holidays fall on Saturday, the Friday immediately preceding shall be observed as the holiday. If any of those holidays fall on Sunday, the Monday immediately succeeding shall be observed as the holiday." R.C. 325.19(D)(1). *Accord* 5 U.S.C. 6103(b)(1); R.C. 1.14 ("If any day designated in this section as a legal holiday falls on Sunday, the next succeeding day is a legal holiday."). Through a clarifying order issued at this court's request, the trial court has confirmed that the legal holiday of New Year's Day was observed on Friday, December 31, 2021, and that the court was open for business on

Monday, January 3, 2022.

{¶ 23} The State further proposes, alternatively, that additional days in late December 2021 should not have counted toward Garner's speedy trial deadline. Specifically, it states that Sunday, December 26 should have been excluded as an "intermediate Sunday," and that Monday, December 27 should have been excluded as the observance of Christmas Day. We reject this argument. Under Crim.R. 45(A), intermediate Saturdays, Sundays, and legal holidays are excluded in computation only when the deadline is less than seven days. In Garner's case, the State had 90 calendar days (270 speedy trial days) to bring him to trial. The rule governing time limits of less than seven days is inapplicable to this case.

{¶ 24} In short, we conclude that Garner was brought to trial on January 4, 2022, one day after his speedy trial time had expired. Under these circumstances, we find that trial counsel acted deficiently when he failed to make a motion, at or prior to trial, for dismissal of the failure to comply charge due to the speedy trial violation. The prejudice to Garner is apparent. Accordingly, the portion of Garner's second assignment of error concerning counsel's failure to raise a speedy trial violation is sustained. The remaining portion of the second assignment of error and Garner's third assignment of error are overruled as moot.

### III. Conclusion

{¶ 25} Garner's conviction for failure to comply will be vacated. The matter is remanded to the trial court with instructions to immediately take the appropriate steps to advise the Ohio Department of Rehabilitation and Correction of this Opinion and Final

Judgment Entry. The trial court is further instructed to file a copy of this Opinion and Final Judgment Entry as part of the trial court record in this case.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.