[Cite as *Rocky River v. Preston*, 2026-Ohio-1865.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF ROCKY RIVER,                  :

    Plaintiff-Appellee,          :

                                   No. 115530

    v.                            :

JAZMANE PRESTON,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2026

---

Criminal Appeal from the Rocky River Municipal Court
Case No. 25 TRD 00653

---

### *Appearances:*

Michael J. O'Shea, Rocky River Director of Law, *for appellee.*

Jazmane Preston, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant, Jazmane Preston ("Preston"), was convicted of driving with an expired license plate in violation of the Rocky River Cod. Ord. ("RRCO") 335.10(d). On appeal, while she does not challenge the conviction, she does suggest a speedy-trial violation, that the trial court failed to be impartial thus violating the

Code of Judicial Conduct and that the RRCO conflicts with general state law. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On February 16, 2025, Preston was operating her vehicle on Interstate-90 in Rocky River, Ohio and was pulled over by a Rocky River police officer because one of her headlights was not functioning. After the officer performed the stop, he ran her license plate and learned that it was expired and did not have the correct validation sticker. Preston was then issued a citation for violating RRCO 335.10(d), operating a vehicle displaying an expired license plate or expired validation sticker.

{¶ 3} Preston's arraignment was scheduled for February 26, 2025 but, as she failed to appear, a capias was issued for her arrest. On July 14, 2025, Preston was arrested, released on her own recognizance and her arraignment was scheduled.

{¶ 4} On July 23, 2025, Preston was arraigned and she pled not guilty to the charge. That same day, she filed a motion to dismiss the charge alleging the enforcement of RRCO 335.10(d), without a showing of public safety, infringed her liberty interest, and that the statute is void for vagueness and ambiguous, is contrary to legislative intent and the government lacked a compelling interest. She also argued that her due-process right was violated in scheduling her trial without first holding a hearing on her motion to dismiss.

{¶ 5} Trial was scheduled for July 29, 2025. On that day, prior to trial, Preston orally argued her motion to dismiss. During this hearing, Preston admitted

that she was "not really challenging the facts of my plate being expired or not." When asked if she was stipulating to the fact that she did not have a current valid registration sticker on her vehicle, the basis of the citation, she replied "Correct."

{¶ 6} At trial, the City called the citing officer who testified to the basic facts of the charge: Preston was driving in Rocky River with an expired license plate and an expired validation sticker. Preston cross-examined the officer briefly, inquiring about the difference between statutory definitions of "motor vehicle" and "vehicle." Preston did not testify or present any evidence to contradict the City's evidence.

{¶ 7} Prior to issuing its ruling, the court again entertained Preston's arguments that RRCO 335.10(d) was unconstitutional and attempted to explain to her the purpose of the traffic law at issue here.

{¶ 8} The court denied the motion to dismiss and found her guilty. The court proceeded to sentencing and ordered Preston to pay a fine of $55 and court costs.

{¶ 9} Preston appeals, raising the three following assignments of error:

**Assignment of Error One**

The trial court erred by accepting a plea that was not entered knowingly, intelligently, and voluntarily, and by failing to apply the Rule of Lenity in favor of the Defendant and against the State. These combined errors deprived Appellant of Due Process Clauses of the Ohio and United States Constitution.

**Assignment of Error Two**

The trial court erred by substituting personal policy preferences for legal analysis, demonstrating judicial bias and failing to maintain impartiality in violation of the Due Process Clauses of the Ohio and United States Constitution and the Ohio Code of Judicial Conduct.

**Assignment of Error Three**

The trial court erred by upholding a municipal ordinance that conflicts with the general laws of the State of Ohio when it adopted the City's definition of "motor vehicle" from R.C. 4511.01 to a registration offense, thereby extending criminal liability beyond the General Assembly's constitutional intent and violating the structural limits of municipal authority under The Ohio Constitution, Article XVIII, Section 3.

**Law and Argument**

{¶ 10} Preston is appealing pro se. "'Under Ohio law, pro se litigants are held to the same standard as all other litigants.'" *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

**Assignment of Error One**

{¶ 11} In her first assignment of error, Preston states that the trial court erred by accepting her plea and by failing to apply the rule of lenity to her. Initially, we note that Preston did not enter a plea but tried her case to the bench. That being said, in her appellate brief, under this assignment of error, the only arguments Preston makes concern the trial court's alleged violation of her speedy trial right by refusing to grant a continuance to rule on her motion to dismiss and scheduling trial a week after her arraignment. Pursuant to App.R. 12 and 16, we decline to address the merits of any argument other than the one identified and argued in her assignment of error concerning an alleged speedy trial violation.

{¶ 12} Despite speedy trial being the only thing Preston argues in her appellate brief under this assignment of error, Preston fails to cite a standard of review, any legal authority, or any facts in the record to support her alleged speedy

trial violation in complete disregard for App.R. 16(A)(7), which requires an appellant to support arguments with legal citations.

{¶ 13} Preston failed to raise this speedy trial violation in the trial court. At no point did she file a written motion to dismiss for speedy trial violation nor did she make an oral motion that her speedy trial right was violated because the prosecution took too long to try the case.

{¶ 14} "Generally, the failure to raise the violation of speedy trial rights in the trial court constitutes a waiver of the defense on appeal." *S. Euclid v. Schutt*, 2020-Ohio-3661, ¶ 13 (8th Dist.); *accord State v. Garner*, 2023-Ohio-1685, ¶ 9 (2d Dist.) ("[D]efendant's failure to raise a speedy trial violation in the trial court at or prior to trial precludes the defendant from raising that issue on appeal."); *State v. Taylor*, 2011-Ohio-1001, ¶ 13 (7th Dist.). *See also Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, ¶ 21 (8th Dist.) (It is well-settled that a party cannot raise new arguments for the first time on appeal.), citing *Bank of Am., N.A. v. Michko*, 2015-Ohio-3137, ¶ 28 (8th Dist.).

{¶ 15} As such, this defense has been waived for purposes of this appeal.

{¶ 16} Preston's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 17} In her second assignment of error, Preston alleges the trial judge violated the Code of Judicial Conduct by failing to be impartial and substituting his own "personal beliefs, relationships, and policy preference when explaining his ruling," thereby violating her due process right.

{¶ 18} "This court has no authority to enforce the code of judicial conduct — that is exclusively the province of the Ohio Supreme Court." *In re Estate of Wearn*, 2023-Ohio-3152, ¶ 15 (8th Dist.), citing Ohio Const. art. IV, § 5(C); R.C. 2701.03; *see also In re T.D.J.*, 2014-Ohio-5684, ¶ 6 (8th Dist.). "'Appellate Courts have consistently recognized that any allegation that the trial judge violated the Code of Judicial Conduct, acted in a manner demeaning to the judiciary, and engaged in unethical misconduct are not properly brought before the court of appeals.'" *Givens v. Longwell*, 2023-Ohio-4516, ¶ 23 (7th Dist.), quoting *In re J.J.M,* 2012-Ohio-5605, ¶ 23 (7th Dist.); *accord Redmond v. Wade*, 2017-Ohio-7192, ¶ 23 (4th Dist.), quoting *Wilburn v. Wilburn*, 2006-Ohio-5820, ¶10 (9th Dist.), quoting *Szerlip v. Spencer*, 2002-Ohio-1281 (5th Dist.); *Huston v. Huston*, 2021-Ohio-1077, ¶ 6 (9th Dist.) ("Allegations of judicial misconduct, however, are not within this Court's jurisdiction.").

{¶ 19} As such, Preston's second assignment of error is overruled.

**Third Assignment of Error**

{¶ 20} In her third assignment of error Preston alleges that RRCO 335.10(d) conflicts with R.C. Ch. 4511, a state statute. While her arguments here are very difficult to understand, it appears she is arguing the state statute defines "motor vehicle" and that this definition only applies to R.C. Chs. 4511 and 4513. She argues there is a conflict when RRCO 335.10(d) uses "vehicle" to define a registration offense. The conflict, she believes, causes the ordinance to criminalize conduct the

Ohio General Assembly deliberately confined to administrative regulation in violation of the Ohio Const., art. XVIII, § 3.

{¶ 21} "Section 3, Article XVIII of the Ohio Constitution provides that municipalities are authorized 'to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.'" *Mendenhall v. Akron*, 2008-Ohio-270, ¶ 16. The Ohio Supreme Court has stated that the three-part test in *Canton v. State,* 2002-Ohio-2005, to evaluate a claim that a municipality has exceeded its powers under the Home Rule Amendment "should be reordered to question whether (1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute." *Id.* at ¶ 17.

{¶ 22} "It is well established that regulation of traffic is an exercise of police power that relates to public health and safety, as well as to the general welfare of the public." *Id.* at ¶ 19. As such RRCO 335.10(d) a traffic regulation, is an exercise of police power, establishing the first element of the *Canton* test.

{¶ 23} "In determining whether a local ordinance conflicts with the general law of the state, the court must consider whether the ordinance prohibits that, which the [state law] permits, or vice versa." *Ohioans for Concealed Carry, Inc. v. Cleveland*, 2017-Ohio-1560, ¶ 10 (8th Dist.), citing *Ohioans for Concealed Carry, Inc. v. Clyde*, 2008-Ohio-4605, ¶ 53.

{¶ 24} Preston never specifically identifies what Revised Code section she believes conflicts with RRCO 335.10(d). Instead, she merely states generally that the ordinance conflicts with Chapter 4511 "Traffic Laws – Operation of Motor Vehicles." She does not explain what section or what specific law is allegedly in conflict with RRCO 335.10(d). She repeats often in her brief that the State, in R.C. 4501.01, which is titled "Traffic laws — operation of motor vehicles definitions," defines both "vehicle" and "motor vehicle" and that this somehow conflicts with RRCO 335.10(d), which uses the term "vehicle" instead of "motor vehicle." Preston fails to identify what specific statute section she is claiming is the general law at conflict here.

{¶ 25} Furthermore, Preston fails to establish that a conflict exists here between RRCO 335.10(d) and any state statute. She does not demonstrate that RRCO 335.10(d) somehow prohibits that which the state law permits or vice versa. *Id*. She cites no general statute section that prohibits or requires something that is contradicted by the RRCO nor does she show that the RRCO's use of the word "vehicle" somehow conflicts with any alleged state statute. She, therefore, fails to demonstrate the ordinance is in conflict with any state statute, let alone a specific state statute, failing the third element of the *Canton* test.

{¶ 26} As such, Preston is unable to succeed on a claim that RRCO 335.10(d) is in conflict with any general state statute.

{¶ 27} Her third assignment of error is overruled.

**Vexatious Litigator**

{¶ 28} This is Preston's second failed appeal regarding municipal citations for her expired license plate. Having found no basis in law for this appeal, Preston is hereby forewarned that if she files any such frivolous appeals subsequent to the release of this opinion, she may be declared a vexatious litigator, subject to future appellate filing requirements under Loc.App.R. 23(B)-(C).

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR