[Cite as *State v. Nichols*, 2013-Ohio-308.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 12CA955 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JAMES NICHOLS, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: January 29, 2013 |

APPEARANCES:

James Nichols, Nelsonville, Ohio, pro se Appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for Appellee.

Kline, J.:

{¶1}   James Nichols (hereinafter "Nichols") appeals the judgment of the Adams County Court of Common Pleas, which convicted him of failure to appear.  On appeal, Nichols claims that his speedy-trial rights were violated.  Because this case was resolved in well under 270 speedy-trial days, we disagree.  Accordingly, we overrule Nichols's assignment of error and affirm the judgment of the trial court.

I.

{¶2}   In the present case, Nichols claims that his speedy-trial rights were violated and, as a result, that we should reverse his conviction for failure to appear.

{¶3}   In a previous case, Nichols was found guilty of disseminating material harmful to juveniles and tampering with evidence.  *See generally State v. Nichols*, 4th

Dist. No. 11CA912, 2012-Ohio-1608 (hereinafter "*Nichols I*").  Nichols, however, did not appear for his sentencing hearing in *Nichols I*.  As a result, the trial court issued a capias on April 19, 2011, and Nichols was taken into custody that same day.

{¶4}  For his convictions in *Nichols I*, Nichols eventually received four years and nine months in prison.  *Nichols I* at ¶ 33.

{¶5}  On April 4, 2012, this court reversed Nichols's conviction for tampering with evidence.  *See Nichols I* at ¶ 74.

{¶6}  On April 12, 2012, Nichols was indicted for failure to appear.  This is the indictment in the present case, and the indictment is based on Nichols's failure to appear for the sentencing hearing in *Nichols I*.

{¶7}  Nichols was incarcerated while the present case was pending.  From the record, however, we cannot discern the precise reason for Nichols's incarceration.  We reversed his conviction for tampering with evidence, so Nichols was not incarcerated for that conviction.  (But he could have been in custody pending a final resolution of the tampering-with-evidence charge, either by the Supreme Court of Ohio or in a retrial.  We simply do not know how Nichols's time in custody may relate to *Nichols I*, 2012-Ohio-1608.)  Furthermore, we cannot determine when, exactly, his sentence for disseminating material harmful to juveniles ended.  Therefore, it is possible that Nichols was being held solely on the pending charge for failure to appear.  As a result, we will determine Nichols's speedy-trial days under both (1) a single-day analysis and (2) a triple-count analysis.

{¶8}  On June 1, 2012, the trial court judge recused himself because of a potential conflict of interest.  A new judge was assigned to the case on June 5, 2012.

**{¶9}** On June 13, 2012, Nichols filed a motion to dismiss on speedy-trial grounds. Nichols claimed that the speedy-trial clock started running on April 19, 2011, the date on which he was taken into custody for the *Nichols I* sentencing hearing. On July 16, 2012, however, the trial court denied Nichols's motion to dismiss.

**{¶10}** On July 20, 2012, Nichols filed a request for discovery. The record does not show that the state ever responded to this request.

**{¶11}** Finally, on August 23, 2012, Nichols pled no contest to failure to appear. The trial court then sentenced Nichols accordingly.

**{¶12}** Nichols appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED BY VIOLATING THE APPELLANT'S SPEEDY TRIAL RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

II.

**{¶13}** Under his sole assignment of error, Nichols contends that his speedy-trial rights were violated.

**{¶14}** "'Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact.'" *State v. Bailey*, 4th Dist. No. 09CA3287, 2010-Ohio-2239, ¶ 56, quoting *State v. Eldridge*, 4th Dist. No. 02CA2842, 2003-Ohio-1198, ¶ 5. "'We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case.'" *Id.* Finally, we must "strictly construe the speedy trial statutes against the state * * *." *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

**{¶15}** Ohio's Speedy Trial Act "place[s] a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest." *State v. Mincy*, 2 Ohio St.3d 6, 8, 441 N.E.2d 571 (1982); *accord Bailey*, 2010-Ohio-2239, at ¶ 55. Under the act, "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2).

> Each day the state holds an accused in jail solely on the
> pending charge counts for three days towards the 270-day
> limit. R.C. 2945.71(E); *State v. Sanchez*, 110 Ohio St.3d
> 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 7. In other
> words, if the defendant remains incarcerated solely on the
> pending felony, the state has 90 days to bring the defendant
> to trial unless some activity "tolls" the running of the speedy
> trial time limit. *State v. Smith*, 4th Dist. No. 10CA3148,
> 2011-Ohio-602, ¶ 20.

"Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *Sanchez* at ¶ 8.

### A.

**{¶16}** Nichols argues that his speedy-trial time started running on April 19, 2011, the date on which he was taken into custody on the capias. However, because the capias had nothing to do with the indictment in the present case, we disagree.

**{¶17}** "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a

criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, syllabus; *accord State v. Thomas*, 4th Dist. No. 06CA825, 2007-Ohio-5340, ¶ 11. And here, the failure-to-appear charge was not pending until April 12, 2012, the date on which Nichols was indicted for failure to appear. The trial court did an excellent job of explaining why the speedy-trial clock did not start to run on April 19, 2011.

> [T]here was a capias issued on the 19th of April for failure to appear and you were apparently taken into custody on that date because the sentencing [in *Nichols I*, 2012-Ohio-1608,] occurred on the next day. That capias is the mechanism by which a party [who] is required to be before the Court [but] does not appear, that is the mechanism by which the Court forces the appearance of that party or witness or whomever it may be in that proceeding. That in and of itself is not a criminal offense.
>
> A criminal offense is initiated through the filing of a complaint or indictment or bill of information. And in this case the charge of failure to appear was returned in the indictment in this case I believe on April 12th of this year. Although that may be a year later, almost a year later[, the] statute of limitation in this type of offense is six years.
>
> * * * [Y]ou were not charged with any offense, as I understand it, you were only picked up [for sentencing in

*Nichols I*]. A failure to appear capias is not a charge, as I said, it's just a mechanism by which the attendance of persons are required to be before the Court and is enforced when they fail to appear. And so that is what happened in this case. July 10, 2012 Transcript at 13-14.

**{¶18}** Simply put, Nichols was taken into custody to ensure his appearance at the sentencing hearing in *Nichols I*. And after that, Nichols remained in custody to serve his sentences for (1) disseminating matter harmful to juveniles and (2) tampering with evidence. *See Nichols I* at ¶ 33. (This court later reversed the tampering-with-evidence conviction. *Id.* at ¶ 74.) There was no action on the failure-to-appear charge until the filing of the April 12, 2012 indictment. As a result, for purposes of speedy-trial time, the failure-to-appear charge was not pending until April 12, 2012.

B.

**{¶19}** Furthermore, the record demonstrates that this case was resolved in less than 270 speed-trial days.

**{¶20}** Nichols was indicted on April 12, 2012.

**{¶21}** On June 1, 2012, the first trial court judge recused himself, which tolled the speedy-trial time until a new judge could be assigned. *See Lyndhurst v. Di Fiore*, 8th Dist. No. 88654, 2007-Ohio-3538, ¶ 10. Therefore, 50 speedy-trial days elapsed between the indictment and the recusal. Under the triple-count provision, this would amount to 150 speedy-trial days.

**{¶22}** On June 5, 2012, a new judge was assigned to this case. The assignment restarted Nichols's speedy-trial clock.

**{¶23}** On June 13, 2012, Nichols filed his motion to dismiss, which tolled the speedy-trial clock. *See, e.g., State v. Martin*, 7th Dist. No. 09 CO 43, 2011-Ohio-6537, ¶ 70; *State v. Lemons*, 11th Dist. No. 2009-T-0032, 2010-Ohio-3807, ¶ 121. Therefore, 8 speedy-trial days elapsed between the assignment of the second judge and the motion to dismiss. This would amount to a total of 58 speedy-trial days (or 174 under the triple-count provision). "[T]he time that elapsed while a motion to dismiss was pending [is not] included for purposes of R.C. 2945.71." *Id.*, citing *State v. Bickerstaff*, 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984). Therefore, Nichols's speedy-trial time was tolled until July 16, 2012, when the trial court denied his motion to dismiss.

**{¶24}** On July 20, 2012, Nichols filed a discovery request, which also tolled his speedy-trial time. *See State v. Caulton*, 11th Dist. No. 09 MA 140, 2011-Ohio-6636, ¶ 32, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶¶ 23-24, 26. Thus, between July 16, 2012, and July 20, 2012, Nichols accumulated 4 more speedy-trial days for a total of 62 (or 186 under the triple count provision). The record does not show that the state ever responded to Nichols's July 20, 2012 discovery request. Nevertheless, in the absence of an actual response, a discovery request tolls the speedy-trial clock for a reasonable time. *See State v. Byrd*, 8th Dist. No. 91433, 2009-Ohio-3283, ¶ 7. Courts have interpreted a reasonable time to mean 30 days. *See State v. Barb*, 8th Dist. No. 90768, 2008-Ohio-5877, ¶ 9; *State v. Bailey*, 11th Dist. No. 2005-P-0081, 2006-Ohio-6206, ¶ 19; *State v. Saultz,* 4th Dist. No. 09CA3133, 2011-Ohio-2018, ¶ 15. Therefore, Nichols's discovery request tolled his speedy-trial time until August 19, 2012. And because Nichols pled no contest on August 23, 2012, his case was resolved in well under 270 speedy-trial days.

C.

{¶25}  Accordingly, we overrule Nichols's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY: _____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**