[Cite as *Euclid v. Amiott*, 2024-Ohio-1583.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

|  |  |  |
|---|---|---|
| CITY OF EUCLID, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 112675 |
| v. | : | |
| MICHAEL AMIOTT, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** April 25, 2024

Criminal Appeal from the Euclid Municipal Court
Case No. 19CRB00890

***Appearances:***

Argie, D'Amico & Vitantonio and Dominic J. Vitantonio,
*for appellee.*

Kimberly Kendall Corral, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Michael Amiott ("appellant") brings this appeal challenging his convictions and sentence. After a thorough review of the applicable law and facts, we vacate appellant's convictions and sentence.

## I. Factual and Procedural History

{¶ 2} This matter arises from a traffic stop and the subsequent arrest of Richard Hubbard ("Hubbard") that occurred on August 12, 2017. At that time, appellant was employed as a police officer with the Euclid Police Department and used excessive force when arresting Hubbard.[1]

{¶ 3} On August 6, 2019, Hubbard signed Crim.R. 4 complaints against appellant for assault and interfering with civil rights in Euclid M.C. No. 19CRB00890. On August 13, 2019, Hubbard signed an additional complaint against appellant for assault and interfering with civil rights in Euclid M.C. No. 19CRB00921. In both cases, Dominic Vitantonio filed a notice of his appointment as special prosecutor.

{¶ 4} The two cases proceeded simultaneously. Appellant filed various pretrial motions, including motions to dismiss based upon speedy trial grounds and the appointment of the special prosecutor.

{¶ 5} The matter proceeded to a jury trial on July 22, and 25-29, 2022. The jury found appellant guilty of one count of assault and the charge of interfering with civil rights in M.C. No. 19CRB00890. The other case was dismissed by the city. Appellant was sentenced to 90 days in jail with 90 days suspended, one year of nonreporting probation, a fine of $1,000, and court costs.

---

[1] The substantive facts relating to the incident are not at issue in this appeal.

{¶ 6} Appellant then filed the instant appeal, raising nine assignments of error for our review:

1. The trial court was divested of jurisdiction after it failed to bring the defendant to trial in 90 days, rendering appellant's convictions void.

2. The trial court abused its discretion when it denied appellant's motion to dismiss as the "special prosecutor" improperly held his position and lacked authority to prosecute on behalf of the city of Euclid.

3. The trial court erred when it denied appellant's motion to disqualify "special prosecutor" for a conflict of interest and a disqualifying interest.

4. The trial court erred when it proceeded to trial on void charging documents.

5. Prosecutorial misconduct prejudiced the appellant prejudicially impugning on [sic] the rights of the appellant and the trial court erred in denying appellant's Crim.R. 33 alleging the same.

6. The trial court erred when it permitted testimony and arguments that the car stop was improper and further instructed the jury on constitutionality of car stops when the defendant was not criminally charged for the conduct of initiating a car stop.

7. The trial court erred when it instructed the jury that if it found the elements of assault, without any reasonableness consideration, then it must convict and the trial court abused its discretion when it denied appellant's motion for new trial pursuant to Crim.R. 33.

8. The trial court erred when it unconstitutionally placed the burden of proof on defendant.

9. The trial court erred in proceeding to sentencing where undue delay had divested the court of jurisdiction.

## II. Law and Analysis

{¶ 7} In his first assignment of error, appellant argues that his right to speedy trial was violated when he was brought to trial more than 90 days after the summons was served.

{¶ 8} A defendant is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 100898, 2014-Ohio-4475, ¶ 51, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. R.C. 2945.71 was implemented "to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, of the Ohio Constitution." *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996), citing *State v. Broughton*, 62 Ohio St.3d 253, 256, 581 N.E.2d 541 (1991).

{¶ 9} Ohio's statutory speedy-trial right imposes a duty on the prosecution to bring to trial a defendant who has not waived their speedy-trial right. R.C. 2945.71 et seq. applies to defendants, is mandatory, and must be strictly complied with by the trial court. *Cleveland v. Sheldon*, 8th Dist. Cuyahoga No. 82319, 2003-Ohio-6331, ¶ 16, citing *State v. Smith*, 140 Ohio App.3d 81, 86, 746 N.E.2d 678 (3d Dist.2000). Nonetheless, the prescribed times for trial set forth in R.C. 2945.71 are not absolute, and R.C. 2945.72 contains an exhaustive list of circumstances and events that extend the time within which a defendant must be brought to trial. *Cook*

at 55-56, citing *State v. Wentworth*, 54 Ohio St.2d 171, 173, 375 N.E.2d 424 (1978). Pertinent to this case is R.C. 2945.72(H), which allows for extension of the time limit based upon "[t]he period of * * * any reasonable continuance granted other than upon the accused's own motion."

{¶ 10} Finally, "'[a]lthough the right of the defendant to a speedy trial is one of constitutional proportions, there is an important countervailing interest that must be given weight in the balance of competing interests. It is the right of the people to require criminal defendants to stand trial for their alleged offenses.'" *Cleveland v. Gross*, 8th Dist. Cuyahoga No. 110669, 2022-Ohio-193, ¶ 7, quoting *Cook* at 59.

{¶ 11} Once the statutory time limit to bring a defendant to trial has expired, the defendant has established a prima facie case for dismissal. *S. Euclid v. Schutt*, 2020-Ohio-3661, 154 N.E.3d 1184, ¶ 18 (8th Dist.). "At that point a burden of production [arises] whereby the state [becomes] obligated to produce evidence demonstrating [that the defendant] was not entitled to be brought to trial within the limits of" R.C. 2945.71. *State v. Butcher*, 27 Ohio St.3d 28, 31, 500 N.E.2d 1368 (1986).

{¶ 12} R.C. 2945.71(B) provides that a person charged with a first-degree misdemeanor shall be brought to trial within 90 days after the person's arrest or the service of summons. Appellant's speedy-trial clock began to run on August 6, 2019, when he contends that he was served, via his counsel, with the summons for the offenses at issue. Appellant's trial did not commence until July 22, 2022.

Consequently, more than 90 days passed between service of summons and his trial, and appellant established a prima facie case that his right to a speedy trial was violated.

{¶ 13} Appellant filed two motions to dismiss in the trial court based upon claimed violations of his speedy-trial right. The first motion was filed on October 16, 2020 ("October 16 motion"), and argued that the speedy trial clock had run by the time appellant was arraigned on November 14, 2019.

{¶ 14} The trial court properly denied this motion to dismiss. Time was initially tolled on August 23, 2019, when the trial court judge recused himself from the matter. While appellant argues that the recusal and assignment of a visiting judge is not one of the tolling reasons listed under R.C. 2945.72, the absence of any judge to preside over the matter must necessarily toll the time and falls under R.C. 2945.72(H) for any reasonable continuance. *See, e.g., Lyndhurst v. Di Fiore,* 8th Dist. Cuyahoga No. 88654, 2007-Ohio-3538, ¶ 10.

{¶ 15} Time began to run again once a visiting judge was assigned on October 7, 2019. The arraignment was originally set for October 21, 2019; however, the parties were notified that the visiting judge was unable to conduct the arraignment on this date. The docket reflects a journal entry indicating that the parties agreed to continue the arraignment from October 21, 2019, to November 8, 2019. Accordingly, the time was tolled during this agreed continuance. Thus, as noted by the state in its brief in opposition to appellant's October 16 motion to dismiss, only 31 days had elapsed as of appellant's arraignment. Thus, appellant's

speedy-trial rights were not violated at the time of the arraignment. The trial court had 59 days remaining to try appellant.

{¶ 16} A jury trial was originally scheduled for November 20, 2019, but was continued to April 30, 2020. On April 9, 2020, the April 30 trial date was canceled. In January 2022, following a number of motions and filings by the parties, trial was set for March 4, 2022. Appellant did not raise any argument, here or in the trial court, that the time was not tolled between his arraignment and the March 4 trial date, and we decline to do so for him. We will therefore assume that as of March 4, 2022, the trial court still had 59 days (90 − 31 = 59) within which to try appellant. In other words, barring any further tolling, appellant was to be tried by May 2, 2022.

{¶ 17} On February 11, 2022, the March 4 trial was canceled; on February 16, 2022, the trial was rescheduled for July 22, 2022.

{¶ 18} Appellant filed his second motion to dismiss on June 26, 2022 ("June 26 motion"), and asserted that his speedy trial rights were violated when the trial court continued the trial from March 4, 2022, until July 22, 2022, with no time waiver executed by appellant. From the record before us, there is nothing to suggest that appellant's counsel agreed to having the matter tried on July 22, 2022, or that appellant or his counsel was involved in setting this date.

{¶ 19} The city's appellate brief focuses solely on motions and filings by appellant prior to the March 4 trial date, and COVID-related delays, which it argues tolled the speedy-trial time. The brief does not contain any arguments regarding the continuance of the March 4 trial date. The only time that it appears that the city

responded to appellant's assertion that his speedy-trial rights were violated with regard to the continuance of the March 4 trial date was in its brief in opposition to appellant's June 26 motion to dismiss. In that brief, the city referenced communications between the court and the parties regarding the selection of a new trial date. The city alluded to an email communication from appellant's counsel where appellant's counsel offered April 11 or the first week of June as alternate trial dates; the city argued that the case was scheduled for July 22, 2022, "based upon the schedule of the defense and the schedule of the Court." It must be noted that the city did not attach the referenced email to its brief, and thus it is not a part of the record before us.

{¶ 20} Even if the alleged email could constitute appellant's agreement to move the trial, there was no speedy-trial waiver executed by appellant in this matter. Pursuant to *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), a court's reliance on an unjournalized waiver, alleged or actual, is not effective. *Accord Brook Park v. Clingman*, 8th Dist. Cuyahoga No. 88839, 2007-Ohio-4835 ("It is axiomatic that, [t]o be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.'").

{¶ 21} Pursuant to R.C. 2945.72(H), speedy-trial time is tolled during "the period of any reasonable continuance granted other than upon the accused's own motion * * * ." The Supreme Court of Ohio has held that "when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of

continuance and the reasons therefore by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 9, 441 N.E.2d 571 (1982). *See also State v. Lee*, 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976) ("The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose.").

{¶ 22} From the record, it appears that the court did not even enter an order canceling the March 4, 2022 trial and resetting the trial to July 22, 2022. Rather, the cancellation and rescheduling entries in the docket appear to be simply notices by the clerk's office. The record does not reflect that the court provided any reason for its sua sponte continuance, which was beyond the expiration of the 90-day period without a time waiver by appellant. "'It is axiomatic that a court of record speaks only through its journal entry.'" *Cleveland v. Kittrell*, 8th Dist. Cuyahoga No. 80954, 2002-Ohio-5456, ¶ 8, quoting *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 727 N.E.2d 907 (2000). "At a minimum, the trial court was required to enter the order of continuance and the reason therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *King* at 162-163.

{¶ 23} We therefore find that the court did not demonstrate that the over four-month sua sponte continuance was "reasonable" as contemplated by R.C. 2945.72(H). Consequently, the continuance did not toll appellant's speedy-trial time.

{¶ 24} From the foregoing, we are compelled to conclude that appellant was not brought to trial within the statutory deadline for doing so. Moreover, there is nothing in the record to indicate that appellant waived his speedy-trial protections or otherwise agreed to having the trial reset to July 22, 2022.

{¶ 25} We find that, by the time appellant's trial commenced on July 22, 2022, appellant's speedy-trial time had long since expired. The trial court therefore erred in denying appellant's June 26 motion to dismiss based upon a violation of his speedy-trial rights and proceeding to trial after the deadline of May 2, 2022. Appellant's first assignment of error is sustained. Pursuant to App.R. 12(A)(1)(c), appellant's remaining eight assignments of error are moot.

### III. Conclusion

{¶ 26} The trial court erred in proceeding to trial after the speedy-trial time had elapsed. We sustain appellant's first assignment of error and overrule as moot the remaining assignments of error. Appellant's convictions and sentence are vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR